**RUMMELL v CO-OP CABS, INC**

Ohio Appeals, 2nd Dist, Franklin Co

No 3036.   Decided April 20, 1939

Albeitz, Bigony & Mecartney, Columbus, for plaintiff-appellee and for the motion.

Carl W. Lortz, Columbus, for Co-Op Cabs, Inc., and contra the motion.

## OPINION

BY THE COURT:

Submitted on motion of the appellee to dismiss the appeal for the reason that there is no final order in the trial court from which the appeal may be prosecuted.

It appears from the transcript of docket and journal entries, no bill of exceptions being before us, that a jury having been sworn and having proceeded to hear the plaintiff's case on the 6th of March, 1939, at the end of plaintiff's testimony when plaintiff had rested the defendant moved the court to direct a verdict in its behalf. The Court excused the jury and on March 7, 1939, when court convened one of the jurors was absent due to sickness. Counsel for plaintiff having refused to proceed with the trial with eleven jurors, the court overruled the motion for a directed verdict and over the objection of the defendant dismissed the jury. The Court thereupon overruled the motion for directed verdict and a motion of the defendant to continue the case. This entry of date March 8th does not disclose that the jury was discharged. On March 10th another entry is found overruling motion of defendant to arrest the evidence from the jury and for a finding in its favor. In this entry it was recited that the motion was not filed until after the jury was discharged. A third entry of date March 10, 1939, appears, overruling the demurrer of the defendant to the evidence in which entry it also appears that the demurrer was not filed until after the jury was discharged.

From these entries there can be no doubt that when the respective motions for the defendant were overruled the jury had been discharged. The claim is made by counsel for the defendant that the motion for directed verdict was filed on the evening of March 6th when the jury was present. This is immaterial because the rights of the parties will be fixed as of the date when the court acted upon the respective motions.

It has many times been held that the refusal to sustain a motion for directed verdict is a final order from which an appeal may be prosecuted because if the action taken was improper, it prevented the entering of a judgment.

In this case we are in some doubt if, under the peculiar situation presented, the action of the court became a final order. But the question can be considered more at length and all rights of the plaintiff preserved if we retain this case and hear it on the merits after counsel have had opportunity to prepare briefs pro and con and the bill of exceptions is also before us.

It must be noted that not only was there a motion for directed verdict before the court, but also a demurrer to the evidence and a motion for a finding in favor of the defendant.

We feel that in the interest of safe procedure and in order to properly determine a question which is novel, we should overrule the motion to dismiss and retain the case on appeal. It will be so ordered.

HORNBECK, PJ, GEIGER and BARNES, JJ, concur.